IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TODD J. BRUSEAU,

    Plaintiff,

    v.

                      Case No. 2:13-CV-514
                      Judge Smith
                      Magistrate Judge King

ANTHONY L. SMITH,

    Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court for the initial screen of the complaint required by 28 U.S.C. § 1915(e)(2). Because the Court lacks subject matter jurisdiction in the matter and because the *Complaint*, Doc. No. 1-2, fails to state a claim for relief, the Court recommends that the action be dismissed.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint provide a "short and plain statement of the grounds for the court's jurisdiction" and a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Moreover, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The *Complaint* does not allege a claim arising under the Constitution or laws of the United States; plaintiff and the named defendant, both identified as residents of Ohio, are not of diverse citizenship. It therefore appears that the Court lacks subject matter jurisdiction in this matter. *See* 28 U.S.C. §§ 1331, 1332. The *Complaint* alleges no facts and fails to state the claims against the named defendant or to give notice to the defendant as to the nature of

the claims asserted against him.  The only relief sought by plaintiff is "open hell."  *Complaint*, p. 4.

In short, the Court concludes that the action must be dismissed.

It is therefore **RECOMMENDED** that the action be dismissed for lack of subject matter jurisdiction and for failure to state a claim for relief.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.*  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                *s/Norah McCann King*
                                                Norah M$^c$Cann King
                                      United States Magistrate Judge

May 30, 2013